JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEVIN SABICER and MARILYN SABICER, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, SANTA MARGARITA FORD, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: CV 18-10249-CJC(JDEx) <br><br><br> ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 9] |

**I. INTRODUCTION AND BACKGROUND**

On November 8, 2018, Plaintiffs Kevin Sabicer and Marilyn Sabicer filed this action in Los Angeles County Superior Court against Defendants Ford Motor Company ("Ford"), Santa Margarita Ford, and Does 1 through 10. (Dkt. 1-2 [Complaint, hereinafter "Compl."].) On January 22, 2012, Plaintiffs purchased a 2011 Ford F-150

("the Vehicle"). (*Id.* ¶ 8.) In connection with the purchase, Plaintiffs received an express warranty in which Ford undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance of the Vehicle. (*Id.* ¶ 9.) The Vehicle later developed defects, including problems related to the driveshaft, transmission, suspension, traction control, and other components and systems, and Plaintiffs took the Vehicle to Santa Margarita Ford for repairs. (*Id.* ¶ 10.) Plaintiffs allege that Defendants failed to service or repair these defects. (*Id.* ¶ 11.) Plaintiffs assert causes of action against Ford for (1) violation of California Civil Code § 1793.2(d), (2) violation of California Civil Code § 1793.2(b), (3) violation of California Civil Code § 1793.2(a)(3), (4) breach of express written warranty, and (5) breach of the implied warranty of merchantability. (*Id.* ¶¶ 8–30.) Plaintiffs assert a cause of action against Santa Margarita Ford for (6) negligent repair. (*Id.* ¶¶ 31–35.)

Ford removed the case to federal court on December 10, 2018, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal].) According to the Notice of Removal, Ford is incorporated in Delaware with its principal place of business in Michigan. Ford concedes that Santa Margarita Ford is a citizen of California, but contends that its citizenship should be ignored for purposes of diversity jurisdiction because Santa Margarita Ford is fraudulently joined. (*Id.* at 6–9.) On January 10, 2019, Plaintiffs filed a motion to remand the action to Los Angles Superior Court, arguing that Santa Margarita Ford had not been fraudulently joined, that Ford failed to prove the amount in controversy exceeds $75,000, and that Ford failed to offer proof of Plaintiffs' citizenship. (Dkt. 9.) For the following reasons, the motion is **GRANTED**.[1]

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 11, 2019, at 1:30 p.m. is hereby vacated and off calendar.

## II. ANALYSIS

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c). Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a).

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the diversity requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044.

Defendants have not carried their burden of showing that Plaintiffs obviously fail to state a cause of action against Santa Margarita Ford. Plaintiffs bring a cause of action against Santa Margarita Ford for negligent repair. The elements of negligence are duty, breach, causation, and damages. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072

(1992). "One who undertakes repairs has a duty arising in tort to do them without negligence." *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970). In support of their negligent repair claim, Plaintiffs allege that they took their Vehicle to Santa Margarita Ford on at least one occasion. (Compl. ¶ 32.) They further allege that Santa Margarita Ford owed them a duty to use ordinary care and skill in the storage, preparation, and repair of their Vehicle and that Santa Margarita Ford breached this duty by failing to properly store, prepare, and repair the Vehicle. (*Id.* ¶¶ 33–34.) They allege this breach was a proximate cause of their damages. (*Id.* ¶ 35.)

Defendants argue that the economic loss rule bars Plaintiffs' negligent repair claim against Santa Margarita Ford. The economic loss rule arises out of "[t]he distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss." *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965). In other words, while a manufacturer may be appropriately held liable for physical injuries, regardless of the terms of any warranty, the manufacturer cannot be held liable "for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demands." *Id.* at 18–19. Accordingly, a plaintiff may recover in tort "when a product defect causes damage to 'other property,' that is, property *other than the product itself*," whereas "[t]he law of contractual warranty governs damage to the product itself." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002).

To apply the economic loss rule, courts first determine what the product is at issue. *Id.* "Only then do [courts] find out whether the injury is to the product itself (for which recovery is barred by the economic loss rule) or to property other than the defective product (for which products may recover in tort)." *Id.* Notably, "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former

has been incorporated." *Id.*; *see, e.g.*, *Stearmen v. Centex Homes*, 78 Cal. App. 4th 611, 615 (2000) (affirming judgment making a builder strictly liable in tort for damages that a defective foundation caused to the interior and exterior of a home).

Defendants have failed to show the economic loss rule entirely precludes Plaintiffs' negligent repair claim. Plaintiffs allege problems with various subcomponents of the engine, including the rear driveshaft, engine compartment, and turbocharger. (Compl. ¶ 10.) The economic loss rule would not bar recovery in tort for damage that these subcomponents cause to the engine as a whole or for damage that the engine caused to the Vehicle in which it has been incorporated. *Cf. Jimenez*, 29 Cal. 4th at 484 (finding the manufacturer of a defective window may be liable in tort for damage that the window's defect causes to other parts of the home, but expressing no opinion as to "whether there may be situations in which the economic loss rule would bar recovery for damages that a defective component part causes to other portions of the finished product of which it is a part"). Defendants have failed to prove that a customer could not possibly recover against a dealership for negligent repair. *See Lytle v. Ford Motor Co.*, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."); *see also Tasch v. Ford Motor Co.*, 2018 WL 3956493, at *1 (finding defendants did not show plaintiff's negligent repair claim was impossible as a matter of California law) (C.D. Cal. Aug. 16, 2018); *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016) (same).

Defendants further argue that Plaintiffs' negligent repair claim against Santa Margarita Ford is barred by the two-year statute of limitations. In their Notice of Removal and opposition, Defendants cite to California Code of Civil Procedure § 339, asserting that a two-year statute of limitations applies. (*See* Notice of Removal at 10; Dkt. 11 [Opposition] at 9.) But section 339 deals with causes of action based on contract,

not tort. *See* Cal. Civ. Proc. Code § 339. For injury to personal property, a three-year statute of limitations applies. *See id.* § 338(c)(1). From the allegations in the Complaint, Plaintiffs' negligent repair claim is not time barred on its face. Defendants assert that the last repair occurred on July 14, 2015 and that Plaintiffs have alleged no facts to justify tolling the statute of limitations. (Opp'n at 10–15; *see also* Dkt. 11 Ex. 3 [Repair History].) But the relevant inquiry is whether Plaintiffs *could* state a claim for negligent repair against Santa Margarita Ford. Under the delayed discovery rule, courts postpone commencement of the limitation period until the plaintiff discovers or should have discovered all facts essential to his cause of action. *Camsi IV v. Hunter Tech. Corp.*, 230 Cal. App. 3d 1525, 1536 (1991). Defendants have failed to prove that there is *no* possibility that Plaintiffs could invoke the delayed discovery rule to assert a negligent repair claim against Santa Margarita Ford. *See Hunter*, 582 F.3d at 1044.

Alternatively, Defendants ask this Court to exercise its discretion under Federal Rule of Civil Procedure 21 to dismiss Santa Margarita Ford as a party. Dismissal of dispensable nondiverse parties should be exercised sparingly after considering whether such dismissal will prejudice any of the parties in the litigation. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). The Court declines to do so here. The claims of both Ford and Santa Margarita Ford are sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient. As Santa Margarita Ford performed many of the repairs of the Vehicle, it would be far more convenient for Plaintiffs to present any claims related to those repairs in the same case.

In light of the presumption against removal jurisdiction, *see Gaus*, 980 F.2d at 566, Defendants have failed to show that joinder of Santa Margarita Ford was fraudulent. Because the fraudulent joinder exception to the diversity requirement does not apply, the parties in this action are not completely diverse and this Court lacks subject matter

jurisdiction.[2] The action was improperly removed and must be remanded to Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. The Court hereby **REMANDS** this case to Los Angeles Superior Court.

DATED: March 1, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] Since Plaintiffs and Santa Margarita Ford are not diverse parties, the Court need not address whether the Defendants have shown the amount-in-controversy requirement for diversity jurisdiction is met.